COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Cole and Duff


J. E. MORGAN
AND
HOME INDEMNITY COMPANY

MEMORANDUM OPINION<sup>*</sup>

v.   Record No. 0655-95-3          PER CURIAM
                                   NOVEMBER 21, 1995

BEVERLY L. ENRIGHT


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Cathleen P. Welsh; Wharton, Aldhizer & Weaver, on
brief), for appellants.

(A. Thomas Lane, Jr., on brief), for appellee.


The sole issue on this appeal is whether the Workers'
Compensation Commission erred in finding that Beverly L.
Enright's bilateral carpal tunnel syndrome qualifies as a
compensable occupational disease within the meaning of "disease"
under the Workers' Compensation Act ("the Act").  Upon reviewing
the record and the briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

The facts are not in dispute.  Enright worked for J. E.
Morgan for five years.  From January 1994 to March 1994, she was
required to sew 300 dozen units of elastic on long underwear
during each shift.  On February 25, 1994, she reported pain in
her left thumb and wrist to her supervisor.  Thereafter, she

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sought medical attention from Dr. John M. Stauffer.  Dr. Stauffer referred Enright to Dr. G. Edward Chappell, Jr., an orthopedic surgeon.  Dr. Chappell diagnosed bilateral carpal tunnel syndrome caused by Enright's employment.  Relying upon Dr. Chappell's records and opinions, the commission found that Enright's bilateral carpal tunnel syndrome constituted a "disease" caused by her employment.

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993).  As in Perdue, Enright's condition did not present as an obvious, sudden, mechanical or structural change in her body.  Based upon our holding in Perdue and upon Dr. Chappell's diagnosis, we conclude that credible evidence supports the commission's finding that Enright's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

Affirmed.